IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| NEVILLE NICHOLSON, | : | |
| Plaintiff | : | |
| VS. | : | |
| Warden FREDERICK J. HEAD and GEO CORPORATION, | : | NO. 5:13-CV-146-MTT-CHW |
| Defendants | : | **ORDER & RECOMMENDATION** |

Plaintiff **NEVILLE NICHOLSON**, who is confined at Riverbend Correctional Facility ("RCF"), has filed a lawsuit under 42 U.S.C. § 1983. Currently pending before the Court are: (1) the complaint (Doc. 1), which must be screened under 28 U.S.C. § 1915A; (2) an application for leave to proceed *in forma pauperis* ("IFP") (Doc. 2); and (3) a motion for a Preliminary Injunction (Doc. 5).

As it appears that Plaintiff is unable to prepay the full cost of commencing this action, Plaintiff's motion to proceed IFP is hereby **GRANTED**. Plaintiff is nevertheless responsible for the full $350.00 filing fee, as provided in 28 U.S.C. § 1915(b)(1). Fees are not refundable, regardless of outcome. Plaintiff will therefore be required to pay the entire $350.00 fee in installments, as will be directed in a future order, even if his lawsuit is dismissed prior to service. Moreover, after reviewing Plaintiff's "Account Statement," which shows deposits of $195.00 in the past six months, the Court finds that Plaintiff is able to prepay a portion of the filing fee. In accordance with section 1915(b)(1)(A), Plaintiff is hereby **ORDERED** to pay an initial partial

1

filing fee of $6.50 to the Clerk of this Court.

Turning to Plaintiff's claims, he alleges that he was attacked and stabbed nine times on June 21, 2012. Plaintiff was thereafter taken to the emergency room. He sues Warden Frederick Head and the "GEO Corporation" for failing to protect him due to "[in]competent security person[n]nel" and for failing to provide follow-up medical care.

It is well-settled that a prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment. ***Helling v. McKinney***, 509 U.S. 25 (1993); ***Estelle v. Gamble***, 429 U.S. 97 (1976). Prison officials "are under an obligation to take reasonable measures to guarantee the safety of the inmates." ***Hudson v. Palmer***, 468 U.S. 517, 526-27 (1984). Specifically, officials have a duty to protect prisoners from violence at the hands of other prisoners. ***Wilson v. Seiter***, 501 U.S. 294, 303 (1991). If a prisoner puts prison officials on notice that he is at risk of harm from other prisoners and then suffers a harm that could have been prevented by reasonable measures, those officials may be held liable.

"Medical treatment violates the [E]ighth [A]mendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." ***Harris v. Thigpen***, 941 F.2d 1495, 1505 (11th Cir. 1991) (internal quotation marks omitted)." To prevail on a claim of deliberate indifference to serious medical needs, Plaintiff must show: "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." ***Mann v. Taser Int'l, Inc.***, 588 F.3d 1291, 1306-07 (11th Cir. 2009).

The Court cannot properly screen this lawsuit under 28 U.S.C. § 1915A, because Plaintiff does not connect Warden Head or the "GEO Corporation" to his claims. Plaintiff is accordingly **ORDERED** to supplement his complaint. With respect to his assault, Plaintiff must explain how

the Defendants knew or should have known that Plaintiff was in danger of attack by other inmates and then failed to protect Plaintiff. With regard to his claim of denial of medical care, Plaintiff must explain: (1) the medical treatment he requested from Defendants, when he made such requests, and the Defendants' response; (2) the treatment Plaintiff believes that he currently needs that he has not received; and (3) what role each of the Defendants played in denying him medical attention.

Plaintiff is advised that Head and the "GEO Corporation" cannot be held liable simply because other jail officials acted under their authority. ***Rogers v. Evans***, 792 F.2d 1052 (11th Cir. 1986). If Plaintiff fails to make additional allegations against either of the Defendants, that Defendant will be dismissed.

Finally, in his motion for a Preliminary Injunction, Plaintiff requests that this Court (1) prevent Defendants from transferring Plaintiff or retaliating against him; (2) require Defendants to protect him; and (3) mandate that Defendants provide him with necessary medical care. A preliminary injunction is only appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that a preliminary injunction would cause to the non-movant; and (d) the preliminary injunction would not be adverse to the public interest. ***Parker v. State Bd. of Pardons & Paroles***, 275 F.3d 1032, 1034-35 (11th Cir. 2001). An irreparable injury "must be neither remote nor speculative, but actual and imminent." ***Siegel v. LePore***, 234 F.3d 1163, 1176 (11th Cir.2000) (citations omitted).

At this juncture, both the merits of Plaintiff's case and the prospect of his suffering irreparable injury are uncertain. Because Plaintiff has not satisfied either of the first two prerequisites for granting a preliminary injunction, it is **RECOMMENDED** that Plaintiff's

motion for the same be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file written objections to this recommendation with the United States District Judge, within fourteen (14) after being served with a copy thereof.

As directed above, Plaintiff shall have **TWENTY-ONE (21) DAYS** from the date of this Order to: (1) pay the above initial partial filing fee, and (2) file a supplement in accordance with the above instructions.

While this action is pending, Plaintiff shall immediately inform the Court in writing of any change in his mailing address. If Plaintiff decides that he no longer wishes to proceed with this lawsuit, he must so notify the Court. *See* Fed.R.Civ.P. 41(a).

Plaintiff's failure to fully and timely comply with this Order may result in the dismissal of his complaint.

**SO ORDERED AND RECOMMENDED**, this 21st day of May, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge