IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| NEVILLE NICHOLSON, | : | |
| Plaintiff, | : | |
| VS. | : | |
| Warden FREDERICK HEAD, *et al.*, | : | NO. 5:13-CV-146-MTT-CHW |
| Defendants | : | **ORDER & RECOMMENDATION** |

Plaintiff **NEVILLE NICHOLSON**, currently confined at Riverbend Correctional Facility ("RCF"), filed this *pro se* civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). As this Court ordered on May 21, 2013 (Doc. 6), Plaintiff has paid the initial partial filing fee of $6.50. He will be obligated to pay the unpaid balance of $343.50, as is discussed below. The Clerk of Court is directed to send a copy of this Order to the business manager of RCF.

In its May 21st Order, the Court also determined that, although Plaintiff was attacked by other inmates, he failed to connect the two named Defendants – Warden Frederick Head and the "GEO Corporation" - to his failure to protect and denial of medical care claims. The Court accordingly directed Plaintiff to supplement his complaint, which Plaintiff has done (Doc. 7). In his supplement, Plaintiff seeks to amend his complaint to add a claim that he was denied an "adequate[ly] supplied, competently staffed prison law library." Plaintiff also seeks to add George Zoley, the CEO of the GEO Corporation as a Defendant. Plaintiff is **GRANTED** leave to amend his complaint to add the above claim and Zoley as a Defendant.

1

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, the Court must view all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II.  DISCUSSION

As discussed in the Court's May 21st Order, Plaintiff suffered nine stab wounds in an attack by other inmates on June 21, 2012. In his supplement, Plaintiff states that he had previously expressed his fears of an attack to Warden Head and that Head failed to provide proper staff for protecting inmates. Plaintiff also alleges that he wrote Head several times requesting medical care for his injuries, but that Head failed to have the care provided to Plaintiff. With respect to Plaintiff's new claim of denial of access to a law library, he alleges that such denial "hindered, frustrated, and impeded" Plaintiff's ability to pursue the instant action.

Plaintiff fails to mention Defendant GEO Corporation in his supplemental complaint. His only allegation against Defendant CEO Zoley is that Zoley is "responsible for implementing policy and regulations of GEO Corporation and Riverbend Correctional Facility."

As to Plaintiff's law library claim, prisoners have a constitutional right of access to the courts. **Bounds v. Smith**, 430 U.S. 817, 821 (1977). To state a valid access to courts claim, however, a prisoner must allege an actual injury. **Lewis v. Casey**, 518 U.S. 343, 349 (1996). The injury must relate to prospective or existing litigation, such as "being prevented from presenting claims," while "in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement." **Wilson v. Blankenship**, 163 F.3d 1284, 1290 & n.10 (11th Cir. 1998). Moreover, "a plaintiff cannot merely allege a denial of access to a law library or adequate attorney, even if the denial is systemic." *Id.* at 1291 (quotations omitted). "To prevail, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case, that results from actions of prison officials." *Id.* at 1290-91.

The only lawsuit for which Plaintiff alleges deterrence is the instant action. In contrast to Plaintiff's assertions, he needs no law library to assert claims in this Court. Plaintiff need only state the facts underlying his claims, which he has done and the Court will evaluate for legal sufficiency. Because Plaintiff has not suffered an actual injury, it is hereby **RECOMMENDED** that Plaintiff's law library claim be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to the above recommendations with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

The Court advised Plaintiff in its May 21st Order that if he failed "to make additional allegations against either of the Defendants, that Defendant will be dismissed." Because Plaintiff makes no mention of GEO Corporation in his supplement, it is **RECOMMENDED** that GEO

4

Corporation be **DISMISSED** as a Defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to the above recommendations with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN** (**14**) **DAYS** after being served with a copy hereof.

As to Defendant CEO Zoley, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (citations omitted). Instead, the supervisor must either personally participate in the unconstitutional conduct or there must be a causal connection between his acts and the alleged violation. A supervisor may thus be liable only if he: "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would." *Gross v. White*, 2009 WL 2074234 at *2 (11th Cir. July 17, 2009) (citing *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007)). "Supervisors are generally entitled to rely on their subordinates to respond appropriately to situations absent clear or widespread evidence to the contrary." *King v. Henry*, 2011 WL 5877070 at *10 (N.D. Fla. Sept. 19, 2011). The standard by which a supervisor may be held liable for the actions of subordinates is "extremely rigorous." *Cottone*, 326 F.3d at 1360.

Although Plaintiff summarily alleges that Zoley is responsible for implementing policies and regulations, Plaintiff alleges no specific policy or regulation promulgated by Zoley that resulted in the violation of Plaintiff's constitutional rights. Plaintiff has therefore failed to allege a colorable *respondeat superior* claim against Zoley. Accordingly, it is hereby **RECOMMENDED** that Defendant CEO Zoley be **DISMISSED WITHOUT PREJUDICE** as a

Defendant herein.[1]

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to the above recommendations with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

It is by no means clear that Plaintiff's failure-to-protect and denial of medical care claims against Defendant Warden Frederick Head will ultimately be successful. Liberally construing Plaintiff's allegations in his favor, however, the Court will allow said claims to go forward against Head. Accordingly, it is hereby **ORDERED** that service be made on Warden Head and that he file an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, 28 U.S.C. § 1915, and the *Prison Litigation Reform Act*. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made

---

[1] Dismissal without prejudice is appropriate when a more carefully drafted *pro se* complaint might state a claim. ***Duff v. Steub***, 378 F. App'x 868, 872 (11th Cir. Apr. 29, 2010).

against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party is represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

**DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff.   The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.   The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no

later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

In accordance with the ***Prison Litigation Reform Act***, Plaintiff's custodian is hereby directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00.   Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the ***Prison Litigation Reform Act***. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

**SO ORDERED AND RECOMMENDED**, this 18th day of June, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge