IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| NEVILLE NICHOLSON, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:13-cv-146 (MTT) |
| | : | |
| Warden FREDERICK HEAD, | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendant. | : | Before the U.S. Magistrate Judge |

## RECOMMENDATION

Before the Court is the Motion for Summary Judgment filed by Defendant Warden Frederick Head. Doc. 28. Because Plaintiff Neville Nicholson fails to demonstrate any genuine issue of material fact concerning either his failure to protect claim or his failure to provide medical care claim, it is **RECOMMENDED** that the Motion for Summary Judgment be **GRANTED**.

PROCEDURAL HISTORY

On April 22, 2013, Plaintiff Neville Nicholson filed his original complaint in the above-styled case under 42 U.S.C. § 1983. Doc. 1. In the original complaint, Plaintiff alleged that Defendants Warden Frederick Head and the GEO Corporation failed to protect him and failed to provide him with medical care after he was stabbed by other inmates at Riverbend Correctional Facility on June 21, 2012. Id. The Court ordered Plaintiff to supplement his original complaint because he failed to connect Defendants to his claims. Doc. 6.

On June 5, 2013, Plaintiff filed a supplement to his original complaint. Doc. 7. In the supplement, Plaintiff sought to amend his complaint to add George Zoley, the Chief Executive Officer of the GEO Corporation, as a newly named Defendant and to add a new access to law library claim. Id. As to his failure to protect claim, Plaintiff alleged that he expressed his fears of an

imminent attack to Warden Head on several occasions and that Warden Head supplied incompetent staff to provide security and protect inmates. Id. As to his failure to provide medical care claim, Plaintiff alleged that he wrote letters of complaint but that Warden Head failed to provide Plaintiff with adequate medical treatment following the incident. Id. Plaintiff did not include any specific allegations about the GEO Corporation, and he summarily alleged that CEO Zoley is "responsible for implementing polic[ies] and regulations of GEO Corporation and Riverbend Correctional Facility." Id.

Following a frivolity review of Plaintiff's complaint under 28 U.S.C. § 1915A, the Court filed an order and recommendation, which concluded that Plaintiff had stated cognizable failure to protect and failure to provide medical care claims against Warden Head. Doc. 8. Even so, the Court recommended that CEO Zoley and the GEO Corporation be dismissed as Defendants and that Plaintiff's access to law library claim be dismissed as well. Id. After reviewing Plaintiff's objections, the Court adopted the order and recommendation. Docs. 12, 13. On January 27, 2014, Warden Head filed his motion for summary judgment. Doc. 28. Plaintiff responded on February 6, 2014, and Warden Head replied on February 14, 2014. Docs. 30, 31.

## FACTUAL BACKGROUND

Viewed in the light most favorable to Plaintiff, the facts of this case are as follows: On June 21, 2012, Plaintiff was an inmate at Riverbend Correctional Facility. Pl.'s Compl. (Doc. 1). On that date, at approximately 2:00 a.m., unnamed other inmates stabbed Plaintiff nine times while he was asleep in the G-Building. Id. After the incident, security staff assisted Plaintiff until medical staff arrived at the G-Building. Pl.'s Depo. (Doc. 28-3). When medical staff arrived, they put Plaintiff on a stretcher and moved him to the Medical Department for medical treatment. Id. An unnamed nurse in the Medical Department examined Plaintiff before he was transported to the

Oconee Regional Medical Center where Plaintiff received additional medical treatment. Id. After he returned to Riverbend Correctional Facility, Plaintiff filed several sick call requests that were not answered by medical staff. Id.

Prior to the incident, Plaintiff had no issues with any other inmate, and as a result, Plaintiff had no idea why he was attacked. Pl.'s Depo. (Doc. 28-3). Although Plaintiff told Warden Head that he feared another imminent attack after the incident, Plaintiff never communicated with Warden Head about fearing an imminent attack before June 21, 2012. Id. After June 21, 2012, Plaintiff wrote letters of complaint and orally requested a meeting with Warden Head to discuss the incident, but no meeting ever occurred. Id. Plaintiff could not identify any particular incompetent act by security staff that occurred before June 21, 2012, which increased the risk of other inmates attacking Plaintiff on June 21, 2012. Id. In addition, Plaintiff never experienced another attack during his incarceration at Riverbend Correctional Facility. Id.

## LEGAL STANDARDS

According to Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact arises only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets this burden, the burden shifts to the nonmoving party to

go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact or that the moving party is not entitled to judgment as a matter of law. Id. at 324-326. If the evidence presented by the nonmoving party is "merely colorable" or "not significantly probative," summary judgment must be granted. Anderson, 477 U.S. at 249. In fact, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

## DISCUSSION

Plaintiff alleges that Warden Head both failed to protect him and failed to provide him with medical care after he was stabbed by other inmates at Riverbend Correctional Facility. Plaintiff, however, fails to show that any genuine issue of material fact remains regarding either claim. Because Plaintiff has not shown that Warden Head was deliberately indifferent to a substantial risk of serious harm, and because Plaintiff has not shown that Warden Head was deliberately indifferent to his serious medical needs, Warden Head is entitled to judgment as a matter of law.

A.   Failure to Protect

To create genuine issues of material fact as to his first claim, Plaintiff must point to specific evidence that Warden Head was deliberately indifferent to a known, substantial risk of serious harm to Plaintiff. Goodman v. Kimbrough, 718 F.3d 1325, 1331 (11th Cir. 2013). Although "prison officials have a duty [...] to protect prisoners from violence at the hands of other prisoners," not every instance of violence between inmates "translates into constitutional liability for prison officials responsible for the victim's safety." Farmer v. Brennan, 511 U.S. 825, 833-834 (1994) (quotations and citations omitted). It is only "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate [that] violates the Eighth Amendment." Id. at 828.

To be "deliberately indifferent," the prison official must have subjective knowledge of the risk of serious harm, and the prison official nevertheless must fail to reasonably respond to the risk. Id. at 837-838. "Merely negligent failure to protect an inmate from attack does not justify liability under Section 1983." Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990). Rather, "[t]o survive summary judgment in a case alleging deliberate indifference, an inmate must 'produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.'" Goodman, 718 F.3d at 1331, quoting Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003).

Plaintiff fails to present specific evidence tending to show that genuine issues of material fact exist concerning whether Warden Head exhibited deliberate indifference to Plaintiff's safety either before or after the incident that occurred on June 21, 2012. There is no evidence in the record that Warden Head knew of and disregarded an excessive risk to Plaintiff's safety prior to the stabbing on June 21, 2012, meaning that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Purcell v. Toombs County, 400 F.3d 1313, 1319-1320 (11th Cir. 2005) (quotation omitted). Although Plaintiff informed Warden Head that he feared another attack could be imminent after the stabbing on June 21, 2012, Plaintiff concedes that he never communicated with Warden Head about fearing an attack by other inmates before June 21, 2012. Pl.'s Depo. (Doc. 28-3). Plaintiff further concedes that he never experienced another attack during his incarceration at Riverbend Correctional Facility. Id.

There also is no evidence in the record that Warden Head failed to respond reasonably to the risks identified by Plaintiff after the stabbing on June 21, 2012. See Farmer, 511 U.S. at 845 (explaining that "prison officials who act reasonably cannot be found liable."). To the contrary, the

evidence submitted in support of the motion for summary judgment indicates that prison officials placed Plaintiff in involuntary lockdown for several weeks to ensure his safety following the incident and that Plaintiff declined the offer of protective custody made by prison officials following the incident. Pl.'s Depo. (Doc. 28-3). In addition, Warden Head avers that he advised Plaintiff that one of the unnamed inmates who later was identified as Plaintiff's attacker had been transferred to another prison. Head Aff. (Doc. 28-5). Finally, there is no evidence in the record to establish causation. See Carter, 352 F.3d at 1349 (noting that sufficient evidence of causation is necessary in order to survive summary judgment on an inmate's deliberate indifference to a substantial risk of serious harm claim.).

In sum, after viewing the record and all reasonable inferences in the light most favorable to Plaintiff, Plaintiff presents no specific evidence tending to show that Warden Head acted with deliberate indifference to a known, substantial risk of serious harm to Plaintiff's safety. Accordingly, there are no genuine issues of material fact concerning Plaintiff's failure to protect claim, and Warden Head is entitled to judgment as a matter of law.

B.  Failure to Provide Medical Care

To create genuine issues of material fact as to his second claim, Plaintiff must point to specific evidence that Warden Head was deliberately indifferent to Plaintiff's serious medical needs. In order to establish deliberate indifference, an inmate must satisfy both an objective and a subjective component. Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999). Regarding the objective component, an inmate must allege an objectively serious medical need that, if left unattended, poses a substantial risk of serious harm. Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000). With respect to the subjective component, an inmate must allege, and ultimately prove, three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and, (3)

by conduct that is more than mere negligence. McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999). Further, as with any tort claim, an inmate must show that an injury was caused by the prison official's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007).

Plaintiff fails to present specific evidence tending to show that genuine issues of material fact exist concerning the objective component of his deliberate indifference claim. In the supplement to his original complaint, Plaintiff summarily alleges that he suffered from physical pain, nerve damage, and an unspecified mental impairment after the stabbing, but Plaintiff does not present specific evidence that any of his medical conditions amounted to an objectively serious medical need. "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Youmans v. Gagnon, 626 F.3d 557, 564 (11th Cir. 2010), quoting Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1307 (11th Cir. 2009). Plaintiff does not allege that any of his medical conditions were diagnosed by a physician as mandating treatment or that any of his medical conditions would be easily recognized by a lay person as a serious medical need. Further, Plaintiff concedes that he received the same treatment for his medical conditions at Riverbend Correctional Facility that he presently receives at Johnson State Prison. Pl.'s Depo. (Doc. 28-3). As such, Plaintiff does not identify sufficiently specific evidence to allow the Court to conclude that genuine issues of material fact remain about whether Plaintiff had an objectively serious medical need that, if left unattended, posed a substantial risk of serious harm. See Mann, 588 F.3d at 1307.

Plaintiff also fails to present specific evidence tending to show that genuine issues of material fact exist concerning the subjective component of his deliberate indifference claim. Even if the Court assumes that Plaintiff had an objectively serious medical need, Plaintiff does not

7

present specific evidence to establish that Warden Head had: (1) subjective knowledge of a risk of serious harm; (2) disregarded of that risk; and (3) by conduct that is more than mere negligence. McElligott, 182 F.3d at 1255. Warden Head avers that "[a]t no time following the subject incident did [Plaintiff] express to me that he had any serious medical needs to which I was deliberately indifferent; nor did I have any knowledge or awareness that [Plaintiff] had any serious medical needs to which I was deliberately indifferent." Head Aff. (Doc. 28-5). Warden Head further avers that he "never personally observed or perceived that [Plaintiff] had any serious objective medical needs which appeared to be untreated; and it was never reported to me by any prison officials that [Plaintiff] had serious medical needs which were being untreated." Id. By contrast, Plaintiff does not identify any specific evidence that he had a medical need of which Warden Head was subjectively aware, but ignored by conduct that amounts to "more than gross negligence." Townsend v. Jefferson County, 601 F.3d 1152, 1158 (11th Cir. 2010). As such, Plaintiff does not identify sufficiently specific evidence to allow the Court to conclude that genuine issues of material fact remain about whether Warden Head had both a subjective awareness of an objectively serious medical need and an objectively insufficient response to that need. See Farrow v. West, 320 F.3d 1235, 1245-1246 (11th Cir. 2003).

Moreover, insofar as Plaintiff apparently disagrees with the course of his medical treatment at Riverbend Correctional Facility, mere disagreement about the course of one's treatment is "a classic example of a matter for medical judgment" that does not give rise to an actionable claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 107 (1976); see also Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) ("Although [the prisoner] may have desired different modes of treatment, the care the jail provided did not amount to deliberate indifference."). Plaintiff must present specific evidence that the response of Warden Head "was

8

poor enough to constitute 'an unnecessary and wanton infliction of pain,' and not merely accidental inadequacy, 'negligence in diagnosis or treatment,' or even 'medical malpractice' actionable under state law." Taylor, 221 F.3d at 1258, quoting Estelle, 429 U.S. at 105. Plaintiff fails to do so here.

In sum, after viewing the record and all reasonable inferences in the light most favorable to Plaintiff, Plaintiff presents no specific evidence tending to show that Warden Head acted with deliberate indifference to his serious medical needs. Accordingly, there are no genuine issues of material fact concerning Plaintiff's failure to provide medical care claim, and Warden Head is entitled to judgment as a matter of law.

## CONCLUSION

Because Plaintiff fails to demonstrate any genuine issue of material fact concerning either his failure to protect claim or his failure to provide medical care claim, it is hereby **RECOMMENDED** that the Motion for Summary Judgment (Doc. 28) be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom the case is assigned **within fourteen (14) days** after being served with a copy thereof.

**SO RECOMMENDED**, the 2nd day of May, 2014.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
